IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Cmdr. Herbert Hugh Thomas a/k/a Toby Keith,

    Plaintiff

v.

The State of Ohio, *et al*,

    Defendants

Civil Action 2:12-cv-00271

Judge Watson

Magistrate Judge Abel

**Initial Screening Report and Recommendation**

Plaintiff Commander Herbert Hugh Thomas brings this action under 5 U.S.C. § 552a. This matter is now before the Magistrate Judge for an initial screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608-09 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore RECOMMENDS that the complaint be dismissed.

The complaint alleges defendants knowingly and intentionally with malice made false statements in regards to plaintiff's sexual orientation and posted slanderous and defamatory photographs that falsely alleged that plaintiff, a United States Naval

Commander, is homosexual. The slanderous and defamatory allegations caused plaintiff severe hardship and embarrassment to him and his children.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court

cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

Section 552a of title 5 of the United States Code permits civil remedies against an agency of the federal government that violates certain conditions of its employees' privacy:

> Civil remedies.--Whenever any agency
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
> (B) refuses to comply with an individual request under subsection (d)(1) of this section;
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g). An agency, however, is the only proper defendant under the Privacy Act. *See* 5 U.S.C. § 552a(g). The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED for failure to state a claim against defendants the State of Ohio, the Ohio

State University, The Fairfield County, Old Republican Party, the National Hockey League, the County Music Association, Christi Nicole Kinney-Thomas because they are not proper defendants under 5 U.S.C. § 552.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                s/Mark R. Abel
                                                United States Magistrate Judge